UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUPASTAR WARE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:24-cv-01008-SEP |
| ) | |
| CENTURION HEALTH CARE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], and Motion to Appoint Counsel, Doc. [4]. On review of the application and financial information provided therein, the application is granted. Plaintiff shall pay an initial filing fee of $42.33 and file an amended complaint on a Court-provided form.

**INITIAL PARTIAL FILING FEE**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) "the average monthly deposits in the prisoner's account," or (2) "the average monthly balance in the prisoner's account for the prior six-month period." 28 U.S.C. § 1915(a)(2). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account. *See id*. The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $211.65. Plaintiff has insufficient funds to pay the entire filing fee. Thus, the Court will assess an initial partial filing fee of $42.33, which is 20% of Plaintiff's average monthly deposit.

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be

granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v.Williams*, 490 U.S. 319, 328 (1989). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (court must accept factual allegations in the complaint as true, but is not required to "accept as true any 'legal conclusion couched as a factual allegation'").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff is an inmate at the Eastern Reception Diagnostic and Correctional Center (ERDCC). He filed the instant action pursuant to 42 U.S.C. § 1983 against Defendant Centurion Health Care. *See* Doc. [1]. Plaintiff states Defendant "[f]ailed to provide standard medical care regarding sexual assault, rape, physical assault, back pain, [hemorrhoids], HIV test." *Id*.

Plaintiff also alleges Defendant showed deliberate indifference by (1) disregarding Plaintiff's health service request form and requests for care, and (2) overlooking the "sexual assault [that] occurred 11-11-22, rape 2-18-23, [and] physical assault 4-19-23, 5-15-23." *Id*. Finally, Plaintiff states he suffers back pain from being "placed on [a] steel or me[t]al frame bunkbed [and] hard floor while on suicide watch [in 2023]." *Id*.

According to Plaintiff, he suffers from mental and physical trauma arising out of those events. *Id*. Other injuries include bleeding, swollen fingers, extraordinary pain, back pain, hemorrhoids from a physical assault, and back pain. *Id*. at 4. Plaintiff also suffers from severe anxiety, severe depression, mood swings, severe PTSD, nightmares, manic episodes, and mental, emotional, and physical trauma. *Id*. For relief, he seeks $900 million and the firing of the Missouri Department of Corrections Medical Coordinator. *Id*. at 5.

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983 against Centurion Health Care (Centurion), the company that contracts with MDOC to provide health care to inmates at ERDCC. To support a claim against such a corporation under § 1983, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 976 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

Here, Plaintiff has not alleged that any official policy, unofficial custom, or failure to train or supervise on the part of Centurion caused his alleged constitutional violations. He claims staff ignored his requests for care and failed to follow policies and procedures. Plaintiff does not argue that any of Centurion's policies and procedures were unconstitutional. He alleges Centurion (or ERDCC) had policies and procedures in place to address his situation, but medical and correctional staff did not follow them. He has not stated any facts that would suggest Centurion is liable for those actions. Nor has he filed suit against the individuals at ERDCC who are allegedly responsible for the alleged constitutional violations. Therefore, his Complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Because Plaintiff is proceeding as a self-represented litigant, and has presented serious allegations to the Court, he will be allowed to amend his complaint according to the instructions set forth below.

3

### INSTRUCTIONS FOR FILING AN AMENDED COMPLAINT

An amended complaint will replace the original complaint; claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A).

In the "Caption" section of the form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming someone as a defendant unless that person is directly related to his claim. Plaintiff must specify the capacity in which he sues the defendant. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each defendant so that the defendant has notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"). The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If Plaintiff fails to file an amended complaint on a Court-provided

form within twenty-one (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

### MOTION TO APPOINT COUNSEL

Plaintiff has also filed a motion to appoint counsel, which is denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id.* (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* (quoting *Phillips*, 437 F.3d at 794).

On review of the factors, the Court finds that the appointment of counsel is not warranted at this time. There is no indication that Plaintiff is unable to present his claims, and neither the factual nor the legal issues in this case appear to be complex. Because the Court recognizes that circumstances may change, the motion is denied without prejudice, meaning that the Court will consider future motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $42.33 within twenty-one (21) days of the date of this Order. Remittance should be made payable to "Clerk, United States District Court," and should state: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a prisoner civil rights complaint form.

...

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [4], is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.

Dated this 12th day of November, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE