UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUPASTAR WARE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-01008-SEP |
| CENTURION HEALTH CARE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Supastar Ware's Amended Complaint. Doc. [10]. For the reasons set forth below, the Court dismisses this action for failure to state a claim upon which relief may be granted.

### BACKGROUND

Plaintiff, who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri, sues Defendant Centurion Health Care pursuant to 42 U.S.C. § 1983.[1] On November 12, 2024, the Court issued an order informing Plaintiff that the Complaint failed to state a claim against Centurion because Plaintiff had not alleged that any official policy, unofficial custom, or failure to train or supervise on the part of Centurion caused the alleged constitutional violations. *See* Doc. [9]. Because the allegations were serious, the Court provided Plaintiff with instructions for filing an Amended Complaint. *Id.* On November 21, 2024, Plaintiff filed an Amended Complaint, which is now before the Court on initial review.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more

---

[1] Plaintiff has four other cases pending in this Court: *Ware v. Precythe, et al.*, No. 4:25-cv-488-SRW (E.D. Mo. filed Apr. 11, 2025); *Ware v. Galloway, et al.*, 4:25-cv-562-SRW (E.D. Mo. filed Apr. 22, 2025); *Ware v. Department of Corrections Missouri, et al.*, No. 4:25-cv-605-SRW (E.D. Mo. filed Apr. 29, 2025); and *Ware v. Doe, et al.*, No. 4:25-cv-782-SRW (E.D. Mo. filed May 28, 2025).

than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citation modified) (quoting *Iqbal*, 556 U.S. at 678); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE AMENDED COMPLAINT

In the Amended Complaint, Plaintiff claims to have been sexually assaulted on two separate occasions by ERDCC correctional staff and denied medical care by Centurion after both incidents. Plaintiff also makes three claims unrelated to the alleged sexual assaults.

Plaintiff alleges that Dr. Irving placed Plaintiff on suicide watch on April 19, 2023, in retaliation for filing Prison Rape Elimination Act (PREA) reports on staff. Plaintiff claims to have been dragged into an unsanitary cell where Plaintiff's clothing was ripped and cut off. Plaintiff states, "Medical malpractice denied me any care, according to policy!" Doc. [10] at 12. On May 15, 2023, Plaintiff claims that Sgt. Hummel retaliated against Plaintiff for filing a PREA

report by slamming the food port door on Plaintiff's fingers. Plaintiff states that "medical staff did not provide any care at all according to policy[.] I was granted standard care but did not receive it!" *Id*. at 13. Finally, Plaintiff brings a claim titled "Procedural Due Process," stating:

> Medical malpractice and mental health did not follow protocol regarding any policy and procedures! Fabricating a response to grievance officers. Mr. Bryon Farmer, RN gave untrue statements! Did not provide standard care as policy states. See camera footage as well as health service request forms in documents!

*Id.* at 14.

Plaintiff documents the following injuries: bleeding, swollen anal cavity and fingers, extraordinary pain, back pain, and hemorrhoids. Plaintiff also reports suffering from severe anxiety, depression, mood swings, PTSD, nightmares, manic episodes, and emotional trauma. Plaintiff seeks $4,999,999 in damages, and for MDOC to terminate its contract with Centurion.

## DISCUSSION

As the Court stated in its prior order, to maintain a § 1983 suit against a corporation such as Centurion, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 976 (8th Cir. 1993) (a corporation acting under color of state law will be held liable only where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

Although the Amended Complaint alleges that Centurion denied Plaintiff medical care "according to policy," Doc. [10] at 12, 13, and "medical did not follow nor abide by policy and protocol," *id.* at 14, Plaintiff's allegations are entirely conclusory. Plaintiff has pointed to no policy, custom, or official action of Centurion to deny medical care to inmates alleging sexual assault and/or retaliation. Indeed, Plaintiff claims to have been denied treatment according to policy *and* because medical staff did not follow policy. *Compare id.* at 12-13, *with id.* at 14. Plaintiff's Amended Complaint is therefore dismissed without prejudice for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

3

**IT IS FURTHER ORDERED** that the following motions are **DENIED** as moot: Motion for Issuance of Summons, Doc. [8]; Motion for Default Judgment, Doc. [12]; Motion for Preliminary Injunction, Doc. [15]; and Motion for Summary Judgment, Doc. [18].

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE