**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| SUPASTAR WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:24-cv-01008-SEP |
| | ) | |
| CENTURION HEALTH CARE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court in this closed case are self-represented Plaintiff Supastar Ware's (1) Motion for Leave to File an Amended Complaint, Doc. [27]; (2) Motion for Reconsideration, Doc. [28]; and (3) Motion for Default Judgment, Doc. [29]. For the reasons set forth below, the motions are denied.

### DISCUSSION

**I.     Motion for Leave to File an Amended Complaint**

Plaintiff seeks to add a party but does not indicate what individual or entity Plaintiff seeks to add or why. Two pages of handwritten case citations are attached to the motion without explanation. This action has been dismissed for failure to state a claim, and the Court finds the addition of any party would be futile. Doc. [23]; *see Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Plaintiff's motion for leave to file an amended complaint is thus denied.

**II.    Motion for Reconsideration**

Plaintiff seeks reconsideration of this case with a new judge:

> Defendants (and Judge Sarah) Failed to Ethically (Properly process suit). Summons Not (Issued). TRO Not (responded to[]). Suit Mishandled by Judge and Defendants passing or issuing Legal Material. Judge Only Corresponded a Few times, and I stated (I believe) Relief that could be granted with my Medical Constitution Claims!! As a matter of law, if not I'd like to reconsider with a New Judge an[d] away from Defendants During Litigation!! Sarah P. Failed to Protect, Failed to handle Suit Ethical according to Common Law!! Procedural Manual of Civil litigation and Civil and human Rights violated by [Perpetrators] an[d] Revictimization to Court officials having Repeat Victimization!!

Doc. [28] at 1 (cleaned up).

-2-

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998) (internal quotation omitted).  Plaintiff has not pointed to any manifest errors of law or fact and has presented no newly discovered evidence.  Plaintiff's evident dissatisfaction with this Court's rulings is not itself a basis for reconsideration.  Nor does an unfavorable ruling "require the trial judge's recusal."  *Harris v. State of Mo.*, 960 F.2d 738, 740 (8th Cir. 1992).  Plaintiff's motion for reconsideration is denied.

### III.   Motion for Default Judgment

Finally, Plaintiff seeks a default judgment, stating "default was entered in the civil docket in the office of this clerk on the 23 October 2024."  Doc. [29].  Because Plaintiff's case did not survive the Court's initial review under 28 U.S.C. § 1915(e)(2), the Court did not issue service on Defendants.  *See* Doc. [23].  And because service never issued, the Court denied Plaintiff's prior motion for default judgment.  *Id.*  Plaintiff's new motion for default judgment is denied for the same reason.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, Doc. [27]; Motion for Reconsideration, Doc. [28]; and Motion for Default Judgment, Doc. [29], are **DENIED**.

Dated this 21st day of July, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

-2-